SOUTHERN DISTRICT OF MISSISSIPPI
FILED
DEC 01 2025
BY ARTHUR JOHNSTON DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**RONSHANDA HARRIS**
**ON BEHALF OF HER MINOR SON L.A.H.** **PLAINTIFF**

**V.** **Civil Action No.:** 2:25-cv-175-KHJ-MTP

**CITY OF LAUREL, MISSISSIPPI**
**JONES COUNTY MISSISSIPPI AND**
**OFFICER JACOB GIANGROSSO INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY AS A LAUREL POLICE OFFICER,**
**UNNAMED LAUREL POLICE OFFICERS AND UNNAMED**
**JONES COUNTY DEPUTIES IN THEIR INDIVIDUAL AND OFFICIAL**
**CAPACITY AS LAW ENFORCEMENT OFFICERS** **DEFENDANTS**

---

**COMPLAINT**
**(Jury Trial Demanded)**

---

COMES NOW, Plaintiff Ronshanda Harris, on behalf of her minor son L.A.H., by and through her undersigned attorney, and brings this *Complaint,* alleging the following causes of action against the Defendants, and will show this honorable court to wit:

**PARTIES**

1. Plaintiff Ronshanda Harris, mother of L.A.H., on behalf of her minor son L.A.H., is an adult resident of Jones County, Mississippi.

2. Defendant City of Laurel Mississippi (hereinafter "City of Laurel) is a city in the State of Mississippi that operates the Laurel Police Department that provides law enforcement, security services to the City of Laurel and trains a team of officers specially trained to respond to critical incidents. The City of Laurel can be served with process on its City Clerk located at 401 North 5th Avenue, Laurel, Mississippi 39440.

3. Defendant Jones County Mississippi (hereinafter "Jones County) is a county in the State of Mississippi that operates Jones County Sheriff Department that provides law enforcement, security services to Jones County, and trains a team of deputies specially trained to respond to critical incidents. Jones can be served with process on the Jones County Chancery Clerk located at 415 N. 5th Avenue, Laurel, Mississippi 39441.

4. Defendant Officer Jacob Giangrosso is a police officer with the Laurel Police Department that provides law enforcement, security services to the City of Laurel and trains a team of officers specially trained to respond to critical incidents. Officer Jacob Giangrosso can be served with process on the Laurel City Clerk located at 401 North 5th Avenue, Laurel, Mississippi 39440.

5. Unnamed Laurel Police Department Officers and Unnamed Jones County Deputies will be served once their identity is determined.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. Section 1331 and 1343 because the controversy arises under the United States Constitution and 42 U.S.C. Section 1983. This Court has authority to award attorney's fees pursuant to 42 U.S.C. Section 1988.

7. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b)(2) because the events giving rise to this Complaint happened in this district.

## STATEMENT OF FACTS

8. On October 30, 2023, fifteen (15) year old, L.A.H., was in his aunt's vehicle that was parked at her apartment complex in Laurel, Mississippi. The Defendant Officer Jacob Giangrosso of the Laurel Police Department, approached the car from the rear and began to shoot into the vehicle. The minor, L.A.H. did not have a gun.

9. The minor, L.A.H., suffered bullet wounds to his arm and other parts of his body.

10. An ambulance proceeded to transport the minor, L.A.H. to Laurel Regional Medical Center in Laurel, Mississippi. Immediately, he was taken by emergency ambulance to Forrest General Hospital in Hattiesburg, Mississippi for emergency surgery to his arm. The minor, L.A.H., remained in the hospital for several days.

11. Because of Defendants, the City of Laurel, Jones County, Officer Jacob Giangrosso of the Laurel Police Department, Unnamed Laurel Police Officers, and Unnamed Jones County Deputies' excessive force, the minor, L.A.H., suffers severe complications and permanent impairment to his arm.

## COUNT I

**42 U.S.C. Section 1983 – Excessive Force in violation of the Fourth Amendment**

12. Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

13. 42 U.S.C. Section 1983 provides that:

> "Every person, who under color of any statute, ordinance, regulation, custom, or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress..."

14. Defendants, City of Laurel, Jones County, Officer Jacob Giangrosso of the Laurel Police Department, Unnamed Laurel Police Officers, and Unnamed Jones County Deputies deprived the minor, L.A.H. of clearly established rights secured to him under the United States

Constitution – specifically the Fourth Amendment right to be free from the use of excessive force against one's person.

15. Defendants, City of Laurel, Jones County, Officer Jacob Giangrosso of the Laurel Police Department, Unnamed Laurel Police Officers, and Unnamed Jones County Deputies used excessive by shooting bullets into the car of the unarmed minor, L.A.H. causing the minor, L.A.H. to suffer bullet wounds to his arm and other parts of his body.

16. Any reasonable police officer in the position of the City of Laurel, Jones County, Officer Jacob Giangrosso of the Laurel Police Department, Unnamed Laurel Police Officers, and Unnamed Jones County Deputies would have known that the force being used against this unarmed fifteen (15) year old minor, L.A.H. was unconstitutional.

17. Any reasonable police officer in the position of the Defendants, Defendants, City of Laurel, Jones County, Officer Jacob Giangrosso of the Laurel Police Department, Unnamed Laurel Police Officers, and Unnamed Jones County Deputies would have known that they had a duty to take reasonable measures to prevent harm to the unarmed fifteen (15) year old minor, L.A.H.

18. Defendants, City of Laurel, Jones County, Officer Jacob Giangrosso of the Laurel Police Department, Unnamed Laurel Police Officers, and Unnamed Jones County Deputies conduct resulted in a physical and psychological injury to the fifteen (15) year old minor, L.A.H.

## COUNT II

**Mississippi State Law Claims for Assault, Battery, and Negligence**

19. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

20. Defendants, City of Laurel, Jones County, Officer Jacob Giangrosso of the Laurel Police Department, Unnamed Laurel Police Officers, and Unnamed Jones County Deputies, committed an intentional act that caused apprehension of immediate harm and actual injury.

21. Defendants, City of Laurel, Jones County, Officer Jacob Giangrosso of the Laurel Police Department, Unnamed Laurel Police Officers, and Unnamed Jones County Deputies owed a duty to the fifteen (15) year old minor, L.A.H. as an officer of law and breached that duty by causing him immense harm.

22. Because of this, the fifteen (15) year old minor, L.A.H. suffered severe damages and injuries.

**COUNT III**

**Mississippi State Law Claim for Intentional Infliction of Emotional Distress**

23. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

24. Defendants, City of Laurel, Jones County, Officer Jacob Giangrosso of the Laurel Police Department, Unnamed Laurel Police Officers, and Unnamed Jones County Deputies' willful, wanton, and intentional acts of recklessness caused the minor, L.A.H. to suffer emotional distress.

25. This traumatic incident has caused the minor, L.A.H. severe emotional distress, such as anxiety, depression, and panic attacks.

**COUNT IV**

**42 U.S.C. Section 1983 – Failure to Train and Supervise**

26. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

27. Defendants, City of Laurel and Jones County Negligently trained, retained, hired, supervised Defendant Officer Jacob Giangrosso of the Laurel Police Department, Defendant Unnamed Laurel Police Officers, and Defendant Unnamed Jones County Deputies.

28. At all times relevant to this action, Defendant City of Laurel and Jones County had policymaking authority and otherwise controlled the training and supervisory practices of Defendant Officer Jacob Giangrosso of the Laurel Police Department, Defendant Unnamed Laurel Police Officers, and Defendant Unnamed Jones County Deputies.

29. Defendant City of Laurel and Jones County should have known that, in such a situation, its officers have a clear constitutional duty to avoid excessive force by shooting blindly into a vehicle. Defendant City of Laurel and Jones County should have known that its officers would lack the legal knowledge necessary to avoid the application of excessive force in that situation without training and supervision, including on the issue of force with a fire-arm.

30. As a direct and proximate result of the aforementioned Defendants' negligence, the minor, L.A.H. sustained the damages set forth herein and all damages that will be proved at trial.

## COUNT V

### Mississippi State Law Claim for Malicious Prosecution

31. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

32. Defendants, City of Laurel, Jones County, Officer Jacob Giangrosso of the Laurel Police Department, Unnamed Laurel Police Officers, and Unnamed Jones County Deputies' willful, wanton, and intentional acts of malicious prosecution caused the minor, L.A.H. to suffer emotional distress.

33. Defendants, City of Laurel, Jones County, Officer Jacob Giangrosso of the Laurel Police Department, Unnamed Laurel Police Officers, and Unnamed Jones County Deputies:

(1) Fifteen (15) Counts of Criminal proceedings were instituted against the minor, L.A.H. in Jones County Youth Court;

(2) Fifteen (15) Counts of Criminal proceedings were instituted in Jones County Youth Court by and at the insistence of Defendants, City of Laurel, Jones County, Officer Jacob Giangrosso of the Laurel Police Department, Unnamed Laurel Police Officers, and Unnamed Jones County Deputies;

(3) Fifteen (15) Counts of Criminal Proceedings were Dismissed in Jones County Youth Court in the minor, L.A.H.'s favor;

(4) Defendants, City of Laurel, Jones County, Officer Jacob Giangrosso of the Laurel Police Department, Unnamed Laurel Police Officers, and Unnamed Jones County Deputies maliciously charged the fifteen (15) year old minor, L.A.H. without probable cause with a majority of the auto burglaries in the City of Laurel and Jones County to cover that they shot and violated the Constitutional Rights of the fifteen (15) year old minor, L.A.H.

(5) This malicious prosecution caused the fifteen (15) year old minor, L.A.H. severe emotional distress, such as anxiety, depression, humiliation, and loss of enjoyment of his high school years.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant them relief as follows:

a. Enter a declaratory judgment finding that the actions of the Defendants as alleged in this Complaint violated 42 U.S.C. Section 1983.

b. Award Compensatory Damages in an amount of $50,000,000 for the minor, L.A.H. or other amount that would fully compensate the minor, L.A.H. for his permanent damages, including but not limited to his permanent physical injuries, permanent emotional distress, and permanent mental anguish caused by Defendant's violations of the law, as alleged in this Complaint.

c. Award Punitive Damages to the minor, L.A.H. in an amount sufficient to punish the Defendants for the intentional, malicious, callous, bad faith, willful, wanton, and reckless misconduct alleged in this Complaint and that would effectively deter Defendants from future discriminatory behavior.

d. Award the minor, L.A.H. his attorneys' fees and costs; and

e. Order such other and further relief as the Court deems as equitable.

RESPECTFULLY SUBMITTED, THIS the 1st day of December, 2025.

**RONSHANDA HARRIS, PLAINTIFF**
**ON BEHALF OF HER MINOR SON L.A.H.**

**By:** Vanessa J. Jones
Vanessa J Jones
MSB# 10236

**OF COUNSEL:**
**VANESSA J JONES & ASSOCIATES**
**6088 Hwy 49**
**P.O. Box 1554**
**Hattiesburg, MS 39403**
**Telephone: 601-582-9177**
**Email: vjjlawoffice@gmail.com**